UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SCHNUCK MARKETS, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION  MDL No. 2470

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in an Eastern District of Missouri action seek centralization of this litigation, which involves four cases[1] pending in four districts as listed on Schedule A, in the Eastern District of Missouri. All cases now before us relate to a data security breach in late-2012 through early-2013, concerning the personal and financial information of an estimated 2.4 million Schnucks grocery store customers. Plaintiffs contend that Schnucks failed to adequately safeguard customer data and that it failed to timely notify customers of the security breach.

All parties prefer to proceed in a single forum. These four actions do involve common questions of fact, and aggregation in some matter will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions surrounding the data security breach in late-2012 through early-2013, which allegedly compromised the financial and personal data of Schnucks' customers. The parties disagree as to which forum should hear all cases and how to get to there.

Defendant Schnuck Markets, Inc. (Schnucks) supports deferring centralization to await rulings on its Section 1404 transfer motions that seek to transfer the Illinois actions to the Eastern District of Missouri; otherwise, Schnucks requests that we deny the motion for centralization without prejudice. All plaintiffs support Section 1407 centralization, though moving plaintiffs are not opposed to our deferral of their motion for centralization pending rulings on defendant's Section 1404 motions in three Illinois actions. Plaintiffs in those Illinois actions support Section 1407 centralization in the Southern District of Illinois; the Central District of Illinois plaintiff alternatively suggests centralization in the Central District of Illinois.

Schnucks supports deferral on the motion for centralization or denial of centralization without prejudice to renewal if its transfer motions are denied. Schnucks argues that Section 1404 transfer is the preferable course for this litigation because it is a transfer for all purposes, unlike Section 1407 transfer which is solely

---

[*] Judge Sarah S. Vance did not participate in the decision of this matter.

[1] The parties have notified the Panel of an additional related action pending in the Eastern District of Missouri. This action and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

for pretrial purposes. Defendants are correct that we previously have denied centralization when there is a "reasonable prospect"[2] that Section 1404 transfer will eliminate the multidistrict character of the litigation. This litigation presents us with a close call. On balance, we conclude that there is not a sufficiently reasonable prospect that the Section 1404 motions will moot the multidistrict character of this litigation.

Here, there are three actions pending in three districts outside of the suggested transferee district, and no final rulings on the Section 1404 motions have yet issued.[3] Our recent decisions denying centralization in favor of Section 1404 transfer are distinguishable from these current circumstances. For instance, *In re Gerber* involved more actions (ten) and districts (five) than this litigation, but the first-filed Central District of California action already had been transferred, *sua sponte*, via Section 1404 to the consolidated New Jersey proceedings, and another judge opined that the action "should not proceed independently from [the consolidated action in the District of New Jersey], as judicial economy counsels against unnecessary duplication." *In re Gerber,* 899 F. Supp. 2d at 1379 n.2. Other recent decisions in which we denied centralization in favor of Section 1404 motions have involved fewer districts than here and/or indications from counsel that they were amenable to Section 1404 transfer.[4] With an estimated 2.4 million affected customers and stores in five states, additional tag-along actions also may be filed in this litigation. Considering all these factors, we conclude that centralization is most appropriate now. It expeditiously places all related actions

---

[2] *See, e.g., In re Republic Western Ins. Co. Ins. Coverage Litig.,* 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002) (denying centralization in light of "reasonable prospect" that Section 1404 motions will moot multidistrict character of litigation involving six actions in two adjacent districts; actions arose "in various convoluted ways" out of an accident in which an individual was hit by a rental truck at a construction site); *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378 (J.P.M.L. 2012) (denying centralization when a "reasonable prospect" existed that Section 1404 transfer would eliminate the multidistrict character of the litigation).

[3] A magistrate judge in the Central District of Illinois action recently issued a report and recommendation suggesting that the Section 1404 motion in that action be granted. The transferor court has not yet acted on the report and recommendation, however.

[4] *See, e.g., In re: Michael's Stores, Inc., Pin Pad Litig.,* 844 F. Supp. 2d 1368 (J.P.M.L. 2012) (denying centralization in favor of 1404 transfer of seven actions in two districts where one motion to transfer from New Jersey to Illinois had been granted but plaintiff in another New Jersey action refused to consent to a similar transfer); *In re: Waggin' Train Chicken Jerky Pet Treat Prods. Liab. Litig.*, 893 F. Supp. 2d 1357 (J.P.M.L. 2012) (denying centralization of three actions in three districts and noting recent unopposed Section 1404 motion to transfer to plaintiffs' preferred forum and defendants' intent to file similar motions in other related cases); and *In re: Capatriti Brand Olive Oil Mktg. & Sales Practices Litig.*, ___ F. Supp.2d ___, 2013 WL 4041561 (J.P.M.L. Aug. 6, 2013) (denying centralization of two actions in two adjacent districts, where one plaintiff argued that the other plaintiff was considering voluntary transfer to proposed transferee forum).

- 3 -

before a single judge who can ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and efficient resolution of all actions.

We are persuaded that the Eastern District of Missouri is an appropriate transferee forum for this litigation. One action and a potential tag-along action are pending in this district. Schnucks has its headquarters in this district, where the impacted servers and likely relevant witnesses and other evidence will be found, and several plaintiffs also reside in this district. At oral argument, Schnucks announced that a settlement was recently reached in a case pending in Missouri state court. This fact alone affects neither the question of centralization nor the selection of the transferee court.[5] However, centralization in the Eastern District of Missouri carries some further benefit of facilitating the coordination of the federal and state cases, if necessary.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable John A. Ross for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            Paul J. Barbadoro
Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan

---

[5] Despite defendant's arguments to the contrary, our recent decision in *In re Pilot Flying J Fuel Rebate Contract Litigation*, ___ F. Supp. 2d ___, 2013 WL 4041557 (J.P.M.L. Aug. 8, 2013), is readily distinguishable from the present circumstances and does not weigh in favor of denying centralization here. In *Pilot Flying J*, a reportedly comprehensive settlement regime in one of the federal actions on the motion had already been preliminarily approved, and centralization at that time threatened to delay those settlement proceedings. *Id.* at *1. Here, the impact of the purported state court settlement on the federal actions is, at best, uncertain. The settlement was only recently reached, there has been no court review of the settlement, and its scope is unclear (defendant suggested that the statewide class at issue may expand to a nationwide class).

IN RE: SCHNUCK MARKETS, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 2470

## SCHEDULE A

<u>Central District of Illinois</u>

Cassandra Atteberry v. Schnuck Markets Inc., C.A. No. 2:13-02112

<u>Northern District of Illinois</u>

Mary Akelaitis v. Schnuck Markets, Inc., C.A. No. 3:13-50142

<u>Southern District of Illinois</u>

Laverne Rippy v. Schnuck Markets, Inc., C.A. No. 3:13-00471

<u>Eastern District of Missouri</u>

Robert Domiano, et al. v. Schnuck Markets, Inc., C.A. No. 4:13-00683